PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ ALVAREZ MORIÓN, Defendant and Appellant.

No. 3855.   Argued December 17, 1929.—Decided January 22, 1930.

*C. Iriarte,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information in this case purporting to be for embezzlement sufficiently charged José Alvarez Morión, while acting as Secretary of the Municipal Court of San Juan and being under a duty to receive deposits made by persons accused of crime to secure their liberty *pendente lite,* with having appropriated the sum of fifty dollars deposited by R. García Crespo to secure his provisional liberty.

Perhaps it would have been better specifically to have said that R. García Crespo had been accused of a crime, but this fact is an inference that the defendant could readily draw from the whole information and greater detail would have been available by a request for a bill of particulars.

Appellant also says the information is bad as it charged him with having appropriated funds, and in prejudice, of the People of Porto Rico and R. García Crespo. The averment was mere surplusage as the defendant was sufficiently ap-

prized of the particular money appropriated and while he was an agent or officer of the People of Porto Rico. Whether the People of Porto Rico was defrauded or whether Crespo was defrauded or whether both or neither of them was ultimately defrauded makes very little difference. The ownership of the fund was not the material point. Nor was the joinder of the two entities fatal. Both the People of Porto Rico and Crespo had in fact an interest in the deposit made and in no sense did the money belong to the defendant.

If bad at all it was also mere surplusage to say that the funds were public. They certainly had a public character when deposited in a court.

The attack was on the information and we find it sufficient. The judgment will be affirmed.